## FULK v. ROBINSON.

### Opinion delivered October 20, 1919.

1. MARRIED WOMEN—TRANSFER OF INCHOATE RIGHT OF DOWER AND HOMESTEAD.—Prior to the passage of Act 324, p. 241, Acts of 1919, a married woman could not convey her inchoate right of dower and homestead to a stranger by executing a deed to him in which her husband did not join.

2. SAME—SAME.—The deed of a married woman to a third party, relinquishing dower and homestead only, in which the husband did not join, is invalid under Kirby's Digest, section 741.

3. SAME—SAME.—Under Act No. 324, Acts of 1919, a married woman may relinquish dower and homestead in her husband's lands, in a deed in which her husband does not join, only where she executes the instrument to her husband's grantee or to one claiming title under him.

4. CONVEYANCES—CONFORMITY TO STATUTE.—Where a statute prescribes a method of conveyance, that method must be followed to make the conveyance valid.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Mehaffy, Donham & Mehaffy,* for appellants.

Under section 741, Kirby's Digest, a married woman may relinquish her dower by joining her husband in a deed and acknowledgment, etc. Under this section she could only release her dower by joining her husband in a deed to a third person, but this was amended by act 324, Acts 1919, 241, so as to allow wives to release dower by a separate instrument to her husband's grantee or anyone claiming title under him, etc., and the court erred in sustaining appellee's demurrer to appellant's answer. Under our new law the wives have properly relinquished dower to their husband's grantee. As this is a new act no authorities are available now.

*Will G. Akers,* for appellee.

Act 234 has no retroactive effect and was passed after the deed was made. The dower did not pass. 13 Ark. 422; 31 *Id.* 678-681; 67 *Id.* 15-23. Under these decisions the deed tendered was not sufficient to vest the right of dower of Elizabeth and Willie Fulk.

WOOD, J.   In this case the appellants, Florence M. Fulk, Gus Fulk and Guy Fulk each owned an undivided one-third interest in certain lots in the city of Little Rock, Pulaski County, Arkansas.   Wives of the appellants Gus and Guy Fulk deeded to appellant Florence M. Fulk all their rights of dower and homestead in and to these lots.   Thereafter the appellants sold the lots to the appellee for a consideration of $900, evidenced by $250 cash and notes for the balance.   The appellants tendered to the appellee their warranty deed signed and acknowledged by each of them.   The appellee refused to accept the deed on the ground that it did not contain relinquishment of dower and homestead of the wives of Guy and Gus Fulk and was not signed by their wives.

This suit was instituted by the appellee against the appellants setting up the contract and praying a rescission thereof and that appellants be enjoined from negotiating the notes and be required to deliver same into the registry of the court for cancellation and have judgment against the appellants in the sum of $250.

The appellants answered admitting the truth of the allegations contained in the complaint and setting up in defense the facts as above set forth.

The appellee demurred to the answer, and upon these pleadings the court rendered a decree sustaining the demurrer and giving the appellee judgment for the amount sued for and canceling the unpaid notes.   From which judgment is this appeal.

The question presented by this appeal is whether or not a wife can convey her inchoate right of dower and homestead to a stranger by executing a deed in which her husband does not join.   The conveyance by the wives of their dower and homestead to Florence M. Fulk was on February 3, 1919.   The contract of purchase between appellee and appellants was on February 24, 1919.

Section 741 of Kirby's Digest provides that "a married woman may relinquish her dower in any of the real estate of her husband by joining with him in a deed of conveyance thereof and by acknowledging the same in a

manner hereinafter prescribed." Under this section the deeds of the wives of Guy and Gus Fulk to the appellant Florence Fulk would have been invalid as a conveyance of their right of dower because their husbands did not join in the execution of those deeds.

But appellants contend that these deeds were valid and operated as a conveyance of the dower interest of the wives under Act 324 of the Acts of 1919, page 241, which reads as follows: "A married woman may relinquish her dower in any of the real estate of her husband by joining with him in the deed of conveyance thereof, or by a separate instrument executed to her husband's grantee or any one claiming title under him, and acknowledging the same in the manner hereinafter prescribed."

The conveyance of the wives of Guy and Gus Fulk to Florence M. Fulk were prior to the passage of the act 324 of the Acts of 1919, March 21, 1919. That act has no retroactive effect and does not purport to be in any manner a curative statute. Therefore, it does not operate to validate the conveyance of the wives of Gus and Guy Fulk. Moreover, if it could be so construed, these conveyances could not be brought within the terms of that act because they were not made direct to their husbands' grantee or any one claiming title under him.

Where a statutory method of conveyance is prescribed, that method must be followed to make the conveyance valid. Under the statute there has been no conveyance of the inchoate right of dower of the wives of Gus and Guy Fulk to the appellee.

The appellants concede that the contract of purchase called for a warranty deed from the appellants conveying to the appellee a perfect title.

The decree is, therefore, correct and is affirmed.